**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTHONY R. BRANCH,

      Plaintiff - Appellant,

v.

LEWIS HAWKINS,
Canadian County Sheriff,

      Defendant - Appellee.

No. 02-6182
(D.C. No. CIV-00-1928-M)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Anthony R. Branch appeals from the district court's order granting summary judgment in favor of defendant-appellee Lewis Hawkins, Canadian County Sheriff, on Branch's civil rights complaint. Branch asserts that Sheriff Hawkins violated his Eighth Amendment rights by withholding necessary medical treatment. [1] We affirm the district court's order of summary judgment.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

Upon a careful review of the briefs, the record, and the applicable law in light of the above-referenced standards, we discern no reversible error in the order granting summary judgment for the defendant. We therefore AFFIRM

---

[1] Branch's complaint also included a claim about improper opening of inmate mail. The district court dismissed that claim because Branch failed to serve the only defendant named in it. Branch does not challenge the dismissal of the inmate mail claim in his appellate brief.

the judgment of the United States District Court for the Western District of Oklahoma, for substantially the same reasons stated in the Supplemental Report and Recommendation of the magistrate judge dated January 16, 2002, and the district court's order dated May 7, 2002.

We previously entered an order conditionally assessing costs and fees in this matter in the amount of $105.00; we now formally GRANT Mr. Branch's motion to proceed in forma pauperis. Mr. Branch is reminded of his obligation to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge